IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN TELUGU ASSOCIATION, an Illinois Not-for-Profit Corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>SATYA KANDIMALLA, KARUNAKAR MADHAVARAM, and AMERICAN TELENGANA ASSOCIATION, an Illinois Not-for-Profit Corporation,<br><br>        Defendants. | Case No. 16 C 2404<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Entry of a Temporary Restraining Order ("TRO") and an Expedited Discovery Order [ECF No. 4]. For the reasons stated herein, the Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff, the American Telugu Association ("ATA"), a not-for-profit corporation operated solely by volunteers with approximately 8,000 members, was incorporated in 1990 for the purpose of uniting people from India and the United States who speak the Telugu language. TRO Ex. A. Decl. of Perkari ("Perkari Decl.") at ¶ 5. Since its formation, ATA has used the acronym "ATA" to identify itself in marketing and other

materials. *Id.* at ¶ 7. By at least 2008, ATA had formally adopted an official logo, which prominently portrayed the letters ATA. *Id.* at ¶ 11. Within the Telugu community, both in the United States and India, the ATA mark has wide-spread recognition and is synonymous with the American Telugu Association. *Id.* at ¶ 8.

ATA operates and maintains two websites: *ataworld.org* and *ataconference.org*. *See, generally,* Perkari Decl. The credentials used to access and maintain both *ataworld.org* and *ataconference.org* were traditionally held by ATA's Trustees, Office Coordinator and other officers of the organization. *Id.* at ¶ 22. ATA began operating *ataworld.org* in 2001. *Id.* at ¶¶ 17-18. This site has served as the principal internet presence for ATA, and in January 2016, the site had approximately 13,000 hits. *Id.* at ¶ 19. ATA uses *ataworld.org* as its primary means of notifying its members of news, events, and opportunities relating to the organization. *Id.* at ¶ 20. In 2013, ATA began operating *ataconference.org* to promote the organization's showcase cultural convention — the ATA Conference. *Id.* at ¶ 29. Defendant Madhavaram ("Madhavaram") was ATA's President and Trustee at that time and was therefore responsible for the initial registration of the *ataconference.org* domain name. TRO Ex. C, Decl. of Bheemreddy ("Bheemreddy Decl.").

Defendant Madhavaram stepped down as President and Trustee of ATA in 2014, and no longer holds any position within ATA. Perkari Decl. at ¶ 33; Complaint ¶ 36. ATA contends that when Madhavaram stepped down, he failed to turn over the credentials needed to access the *ataconference.org* domain name registration, and that he has since removed ATA as the Registrant Organization of *ataconference.org* and substituted himself without ATA's knowledge or approval. Perkari Decl. at ¶¶ 33-34; Complaint ¶ 35.

Defendant Kandimalla ("Kandimalla") served as a Trustee of ATA from 2009 through his resignation in 2016. During that time, Kandimalla was responsible for maintaining the credentials for *ataworld.org*. ATA contends that in September of 2015, without its knowledge or approval, Kandimalla altered the registration information for *ataworld.org*, removed ATA as the Registrant Organization, and substituted himself. Bheemreddy Decl. and Ex. 1 attached thereto at pgs. 17, 19. Then, prior to his resignation and without ATA's knowledge, Kandimalla filed a Service Mark Registration with the U.S. Patent and Trademark Office on behalf of Defendant American Telangana Association. Complaint Ex. A. Kandimalla sought to trademark "American Telangana Association America Telangana Sanghamu ATA." *Id.* The stated purpose of the American Telangana Association is virtually identical to that of ATA — to promote the Telugu

culture and maintain the identity of people of Telugu origin. *Id.*

Kandimalla resigned from his position as a Trustee of ATA in early 2016. Perkari Decl. ¶ 23. Shortly thereafter he sent an email to ATA's current President, Sudhakar Perkari, stating:

> As you well know, on May 11, 2009, I became the owner of the domain name *ataworld.org*. As I was part of the Board, I gave permission to American Telugu Association to use the *ataworld.org* temporarily, now I need the domain back, hence I request you to copy the content to your desired location by 02/19/2016, I will be taking my domain back on 02/20/2016.

*Id.,* Ex. 5 attached thereto. ATA responded to Kandimalla's email informing him that he had no ownership interest in the domain name and demanding that he return control of the domain to ATA. *Id.,* Ex. 6 attached thereto. Kandimalla refused the demand, maintaining that he is the rightful owner of the domain. According to Kandimalla, a former ATA member, Vangipuram Sreekantham, was the owner of the domain in his individual capacity, and when Vangipuram died, his wife, Rama Vangipuram Sreekantham, transferred ownership to Kandimalla in his individual capacity at no cost. Kandimalla Decl. ¶¶ 1-6.

In light of Madhavaram's and Kandimalla's actions, ATA filed the instant case alleging cybersquatting in violation of 15 U.S.C. § 1125(d) and breach of fiduciary duty. ATA also filed this Motion for a TRO and Expedited Discovery Order,

arguing that ATA will suffer irreparable harm if Defendants are allowed to continue their course of conduct.

## II. ANALYSIS

Like all forms of injunctive relief, a TRO is "an extraordinary remedy that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis in original). Where, as here, Defendants have notice of and an opportunity to respond to a motion for a TRO, the Court applies the standards governing issuance of preliminary injunctions. *Budget Rent A Car Corp. v. Harvey Kidd Auto.,* 249 F.Supp.2d 1048, 1049 (N.D. Ill. 2003). If a conflict exists as to an issue of fact, injunctive relief normally should not issue without an evidentiary hearing. *Syntex Ophthalmics, Inc. v. Tsuetaki,* 701 F.2d 677, 682 (7th Cir. 1983).

The party seeking a TRO bears the burden of demonstrating as a threshold matter that: (1) his case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm if preliminary relief is denied. *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992). A likelihood of success means "that [the moving party] has a 'better than negligible' chance of success on the merits of at least one of its claims." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A.,* 549 F.3d 1079, 1096 (7th

Cir. 2008). This is an "admittedly low requirement." *Id.* Only after the moving party clears the threshold inquiries does the Court move on to the balancing phase of the analysis and determine how likely the moving party's success must be for the TRO to issue. *Id.*

This equitable balancing process involves a "sliding scale" analysis, "weighing harm to a party by the merit of [her] case," *Cavel Int'l, Inc. v. Madigan,* 500 F.3d 544, 547 (7th Cir. 2007), with the aim "to minimize the costs of a wrong decision," *Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013). "The strength of the moving party's likelihood of success on the merits affects the balance of harms." *Planned Parenthood of Ind., Inc. v. Comm'r of the Ind. State Dep't of Health,* 699 F.3d 962, 972 (7th Cir. 2012). Similarly, "the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.,* 582 F.3d 721, 725 (7th Cir. 2009).

ATA's First Amended Complaint states two claims against Defendants. Count I alleges a violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Count II alleges a claim of breach of fiduciary duty. As to Count I, under the ACPA, a party commits cybersquatting when (1) defendants have registered, trafficked

in, or used a domain name; (2) the domain name is identical to or confusingly similar to marks owned by plaintiff; (3) the marks were distinctive at the time of defendants' registration of the domain name; and (4) defendants have committed the acts with a bad faith intent to profit from plaintiff's marks. "Bad faith intent . . . shall not be found in any case in which the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." 15 U.S.C. § 1125(d)(1)(B)(ii). Thus, authorized use of the domain name is a defense to an ACPA claim.

ATA has failed to meet its burden of proving that it has a better than negligible chance of success on the merits of its cybersquatting claim regarding the *ataworld.org* domain name. There is a conflict of fact as to who is the rightful owner of this domain name: ATA or Defendant Kandimalla. If Defendant Kandimalla is the rightful owner, then ATA's ACPA claim will fail on both the second and fourth elements. Both parties have presented credible evidence in various forms to support their respective positions on this point. As such, the Court declines to issue a temporary restraining order on this basis without first holding an evidentiary hearing. *See, Gen. Electric Co.,* 235 F.2d at 608 ("An injunction pendente lite should not issue where the parties are in serious dispute on conflicting question of fact."). For the same reason, a TRO cannot issue on ATA's

breach of fiduciary duty claim concerning *ataworld.org* because a question of fact exists as to whether this domain name was a corporate asset. *See, Hamilton v. Conley,* 827 N.E.2d 949, 960 (Ill. App. Ct. 2005) (a director or officer who disposes of *corporate assets* for his or her personal gain engages in self-dealing).

ATA also alleges a cybersquatting claim in regards to Defendant Madhavaram's registration of *ataconference.org*. Even on the minimal evidence presented by the parties concerning this domain name, ATA has demonstrated a modest chance of success on the merits. ATA has shown that until Madhavaram hijacked the domain name, ATA was the registered owner of *ataconference.org*. The acronym ATA, the organization's logo, and the domain name itself are all distinct marks in that, within their intended audience, they have come to be commonly associated with the American Telugu Association. Further, ATA has presented evidence suggesting that Madhavaram may use the domain name in bad faith to divert ATA's membership base and create confusion between ATA and Defendant American Telangana Association.

Moreover, ATA has demonstrated that there is no adequate remedy at law for this violation, and that it will suffer irreparable harm without injunctive relief. ATA is holding its 25th Anniversary Celebration Conference from July 1-3, 2016, which is less than 11 weeks away. ATA's budget for this

conference is approximately $2 million. The revenue necessary to fund this conference is generated through member registrations, which are obtained through *ataconference.org*. As the registered owner of the domain name, Madhavaram could at any time choose to restrict ATA's access to *ataconference.org*, thereby jeopardizing the organization's fund-raising efforts and its ability to hold its annual conference. Because it is "difficult to assess damages associated with loss of goodwill, such damages are considered to have no adequate remedy at law, and to be irreparable." *Int'l Profit Assocs., Inc. v. Paisola*, 461 F.Supp.2d 672, 679 (N.D. Ill. 2006).

Having cleared the threshold inquiries, the Court must weigh the balance of harm to the parties if the TRO is granted or denied and evaluate the effect of a TRO on the public interest. *Planned Parenthood of Indiana, Inc.*, 699 F.3d at 972. The arguments Defendants make in this regard relate only to *ataworld.org*; in fact, they do not mention *ataconference.org* in this section of their brief. Although it is true that Kandimalla has asserted an ownership interest over *ataworld.org*, similar facts have not been presented in regards to *ataconference.org*. Defendants have not asserted a cognizable right to ownership or control over *ataconference.org*. Nor have they ever used the domain name for any purpose. On these facts, any harm they may suffer by being temporarily enjoined from

accessing, controlling or using the domain name is minimal and does not outweigh the harm alleged by ATA.

Therefore, Defendants, as well as their officers, agents, servants, employees, attorneys, confederates, and all persons acting on Defendants' behalf are temporarily enjoined and restrained from accessing, terminating, operating, altering, modifying, or otherwise using the domain name *ataconference.org*. This TRO shall remain in effect until the date of the evidentiary hearing on ATA's Motion for Preliminary Injunction. The parties are ordered to engage in expedited discovery in preparation for that hearing. Because this TRO will prevent any further action by Defendants in regards to *ataconference.org*, the Court need not consider ATA's request for a TRO on its breach of fiduciary duty claim concerning this domain name.

### IV. CONCLUSION

For the reasons stated herein, ATA's Motion for Entry of a TRO and an Expedited Discovery Order [ECF No. 4] is granted in part and denied in part.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: April 26, 2016